

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,080-01

### EX PARTE ANTHWAUN JORDAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 19095-B IN THE 104TH DISTRICT COURT FROM TAYLOR COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault and sentenced to twenty years' imprisonment.

Applicant contends that trial counsel failed to timely file a notice of appeal. We remanded this application for a response from trial counsel and findings of fact and conclusions of law from the trial court. On remand, trial counsel responded in a sworn affidavit, and based on that affidavit, the trial court found, among other things, that trial counsel did not remember whether Applicant asked him to file an appeal. The trial court recommended that we deny relief. We agree. Given the

trial court's finding, Applicant has not shown that trial counsel was deficient.

We remind trial counsel and the trial court that it is trial counsel's duty to ensure notice of appeal is filed with the trial court. In his affidavit, trial counsel stated that his file, the record, and his employment contract with Applicant indicated that Applicant was aware of his right to appeal and that Applicant "needed to take action on his own to perfect that appeal." This is not consistent with this Court's case law. As we explained in *Jones v. State*, "If the defendant decides to appeal, [trial counsel] must ensure that written notice of appeal is filed with the trial court." *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). Relief is denied.

Filed: February 27, 2019
Do not publish